## RANNE v. JACKSON et al.

### No. 10413.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1939.

R. H. Mercer, of San Antonio, for appellant.

Ennis C. Favors, of Pampa, J. W. Paulk, of Alice, and T. H. Miller, of George West, for appellees.

MURRAY, Justice.

Appellees, F. B. Jackson and wife, Mrs. F. B. Jackson, acting in their individual capacities and as next friend for Clifton and Verne Jackson, their minor sons, instituted this suit against R. Ranne, the appellant herein, seeking to recover for alleged personal injuries sustained by them in a collision between an automobile driven by F. B. Jackson and a truck owned by R. Ranne.

The trial was to a jury and in keeping with the answers of the jury to the special issues submitted, judgment was rendered in favor of the Jacksons and against R. Ranne, as follows:

"For injuries to F. B. Jackson, $1,000.00,

"For injuries to Mrs. F. B. Jackson, $1,500.00,

"Damages to Automobile, $200.00,

"Doctor and hospital bills, $170.00,

"For injuries to Verne Jackson, $500.00

"For injuries to Clifton D. Jackson, $500.00."

This appeal is presented by R. Ranne, as appellant.

Appellant's first contention is that the court committed reversible error in not giving appellant's special requested issue inquiring of the jury whether or not F. B. Jackson at the time of the accident was operating his car at a negligent rate of speed. We are of the opinion that the appellant was entitled to have this defensive issue submitted. The defense of negligent rate of speed was not covered by any other part of the charge as given. The question was raised by both the pleadings and the proof. Appellee contends that the proof was not sufficient to raise the issue. We conclude that it was. W. D. Loughlin, driver of appellant's truck, testified that Jackson was "going plenty fast; just as fast as his car would go." F. B. Jackson testified, in effect, that when he first saw the truck it was about 225 feet from him and about sixty or seventy feet from the point of collision, and that the truck was going about forty miles an hour. From this it may be deducted that Jackson covered a distance of about 175 feet while the truck was covering a distance of 70 feet. To do this Jackson would have been compelled to have travelled more than twice as fast as the truck. There was also evidence that Jackson had been drinking beer at the Purple Sage Cafe just prior to the collision. All of this evidence was sufficient to raise the issue of negligent rate of speed.

Appellee contends that it was not error to refuse to give this issue, because the issue was not accompanied with a proper legal definition of the expression, negligent rate of speed. We overrule this contention. It is never error to fail to define a legal term unless the charge is excepted to for that reason. It was not the duty of appellant to furnish a definition of the legal term in his issue, and the issue could not be rightly refused on this ground, inasmuch as the record does not show that either the court or appellee desired such definition. The defendant in a lawsuit has the same right to have his defensive issues submitted to a jury as the plaintiff has to have his offensive issues submitted.

In the case of Southland Greyhound Lines, Inc., v. Richards, Tex.Civ.App., 77 S.W.2d 272, it was held that the sole fact of the extreme distance traveled by both cars after the accident, raised the issue of speed at which appellee was traveling.

In the case of Larson v. Whitten, Tex. Civ.App., 111 S.W.2d 736, it is held, in effect, that testimony similar to that in the case at bar was sufficient to raise the issue of negligent rate of speed traveled by appellee.

There are other assignments of error, but as they relate to matters which will in all probability not arise upon another trial we will not here discuss them.

The judgment will be reversed and the cause remanded.