**The STATE of Texas et al., Appellants,**

**v.**

**Joe N. JAMAIL et al., Appellees.**

**No. 4451.**

Court of Civil Appeals of Texas.

Waco.

May 25, 1967.

Rehearing Denied June 15, 1967.

Joe Resweber, County Atty., Houston, Chas. F. Mitchell, Asst. County Atty., for appellant.

Vinson, Elkins, Weems & Searls, M. C. Chiles, Ewing Werlein, Jr., Houston, for appellee.

## OPINION

WILSON, Justice.

The State and County took all of one tract belonging to appellees, and part of another, for highway purposes in this eminent domain proceeding. Judgment for damages was rendered on a jury verdict.

By their first five points appellants contend the landowners abandoned their objections to the award of commissioners by waiting more than three years and nine months to have citation issued in the County Court, and their rights are barred by limitation. They point to Denton County v. Brammer (Tex.Sup.1962), 361 S.W.2d 198 as supporting their position.

In the present case the objections to the award were filed in October, 1958. At the same time appellants voluntarily appeared by filing a pleading reciting: "For answer to plaintiffs' petition filed in the above entitled and numbered cause and becoming cross-plaintiffs file this answer and cross-action." Over a month later they filed another such "answer and cross-action," which they denominated a "plea in intervention." Thereafter counsel for appellants approved as to form an order permitting withdrawal of condemnor's deposit in the registry.

In February, 1961 the landowners requested a setting of the case. It was set for April, 1961, but was continued by agreement of counsel for appellants. In July, 1962 the decision in Denton County v. Brammer was announced, and appellees obtained issuance and service of citation over the court clerk's objection that no citation was necessary. The case was subsequently continued five times by agreement, at least once at the instance of appellants' counsel. Appellees made seven requests for setting.

After appellants entered an appearance by filing their answer and cross-action no citation was necessary. Rule 121, Texas Rules of Civil Procedure. York v. State, 73 Tex. 651, 11 S.W. 869. Consent to the continuances likewise constituted appearances. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649, 652, syl. 1. There was no abandonment, and appellees' rights are not barred.

The foregoing holding governs appellants' argument that the court erred in adjudging interest for the period before citation was issued.

Complaint is made of refusal to allow appellants to "cross-examine" and "impeach" the landowners as to prior inconsistent statements and conduct in "using the witness Hurlock at the hearing before the special commissioners." It is said that Hurlock was employed by the landowners to appraise the subject property, and that he testified as their witness before the Commissioners to a value substantially lower than the landowners themselves testified to at the trial.

The landowners presented, and the court sustained, a motion in limine alleging that Hurlock had been previously employed by appellees to appraise the land, but had been paid his fee for services, and was then not aligned with them in any manner; that he had been subpoenaed by condemnors. The motion asked that condemnors be instructed not to lead Hurlock in direct examination, or to otherwise treat him as an adverse witness, or to inquire whether he had been retained by condemnees to appraise the land. The court sustained the motion in an effort to follow State v. Biggers (Tex.Sup.1962), 360 S.W.2d 516.

Appellants point to no place in the record, however, and we have found none, in which they tendered or the court excluded evidence such as is referred to in their points. The order on the motion in limine is not subject to the construction now sought to be placed on it, and the evidence said to have been excluded is not shown by a bill of

exception as required by Rule 372, Texas Rules of Civil Procedure. The record is not preserved and no error is shown. J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698.

Admission of evidence concerning various items which appellants describe as noncompensable personal property and their value is complained of. The subject property included a building housing a large self-service grocery store and food market. The items referred to included specially built display cases, cabinets, freezers, racks, stands, shelving and other fixtures designed and installed for a specific location and permanently attached to the building. Other portable items such as scales, cash registers, carts, tables, grinders, slicers, small freezers, a soda machine, meat blocks, and a compressor were conceded by condemnees to have been sold, and they were not taken by condemnors as a part of the realty.

Appellants did not object to evidence concerning these items separately, but objected generally to photographs of the store interior and an inventory of store equipment because they included and showed personal property. Appellees' counsel limited the photographs so as to exclude merchandise.

The court confined the jury to consideration of the market value of the land and "permanent improvements" attached thereto. He instructed that "permanent improvements" included something "put on the land which the occupant cannot remove or carry away with him, either because it has become physically impossible to separate it from the land or because in contemplation of law it has become annexed to the land or building and is therefore to be considered as a part of the ownership of such land and building."

 We neither approve nor disapprove this charge. Appellate courts are not authorized to "approve" a court's charge. They are empowered only to pass on points which present specific objections, properly preserved, to an actual charge under the unique facts of a particular case, and to determine whether reversible error is demonstrated by the objection raised under the record in that case. Here appellants made no objection to the charge.[1] We have no objection, therefore, upon which to pass. We quote the charge only in order to show how the asserted errors complained of concerning evidence are harmless in any event in this case, because the charge, unobjected to, limited the jury's consideration in effect to fixtures which were permanent accessions to the freehold, and excluded items of personalty.

Appellants' requested special instruction, refused by the court, would have charged the jury to "disregard all testimony about the value of all items of personal property" which the owners "removed or reasonably could have removed." The refusal of the requested charge was not reversible error in view of the quoted instruction given.

All points have been considered and are overruled.

Affirmed.

---

1. See cases cited in Lyles v. Texas Employers' Insurance Association, Tex.Civ. App., 405 S.W.2d 725, 727, syl. 4, writ ref. n. r. e.