**STATE of Texas et al., Appellants,**

v.

**W. F. TIDWELL et al., Appellees.**

No. 4745.

Court of Civil Appeals of Texas.

Waco.

Dec. 19, 1968.

Rehearing Denied Jan. 9, 1969.

Haley, Fulbright, Winniford, Sessions & Bice, Waco, for appellants.

Maddin, Walker & Hall, Waco, for appellees.

## OPINION

WILSON, Justice.

In a condemnation case condemnor appeals from the judgment against it on a jury verdict arising from a total taking.

By two points condemnor-appellant complains of (1) admission in evidence of the sale of other property, asserted to be comparable, because it was based on hearsay; and (2) the giving of an instruction to the jury concerning consideration to be given to evidence of comparable sales.

■ We assume, without deciding, that the evidence concerning the comparable sale was inadmissible as being based on hearsay. The same evidence, however, was introduced without limitation by condemnor, and the error was waived. Norwich Union Indemnity Co. v. Smith, Tex.Com.App., 12 S.W.2d 558, 561; Kutch v. Holly, 77 Tex. 220, 14 S.W. 32; Texas Power & Light Company v. Lovinggood, Tex.Civ.App., 389 S.W.2d 712, 718, writ ref. n. r. e.

The instruction complained of was to the effect that "testimony by witnesses not having firsthand knowledge of the matter stated, that said properties had sold for certain prices, shall not be considered by you as evidence that such properties have sold for the prices stated, or as evidence of the market value of the property involved, but may be considered as being information which the witnesses testified they gathered for the purpose of forming an opinion of the market value of the property involved."

Condemnor's objections, among others, that the instruction is a comment on the weight of the evidence and required the jury to determine admissibility of evidence, were overruled.

■ Appellees seek to sustain the instruction by reliance on State of Texas v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207. The propriety of the instruction as against objection was not there before the court. It was simply quoted as a part of the narration of the facts and record in that case. Appellee says the charge was "taken verbatim" from that case and "quoted and approved by the Supreme Court." Quoting a charge in an opinion does not imply "approval" by the appellate court, as was pointed out in State of Texas v. Jamail, Tex.Civ.App.,

416 S.W.2d 473, 475, syl. 4. The Supreme Court neither approved nor disapproved. It merely stated the facts. This general instruction did not attempt to limit consideration of specified evidence to specific purposes. We have thus commented on the contention to avoid the implication that this court also "approves" the instruction. We do not; and we assume that it is erroneous as subject to the objections made, among others.

■ Condemnor's argument concerning harm in this instruction, however, relates directly to the testimony concerning the sale price of the comparable sale, evidence of which, as said above, was likewise introduced by condemnor. It concedes that as to the testimony, "it may be this error of the trial court would not be considered harmful error except for the fact that" it is thereby emphasized "when taken in connection with the instruction." Condemnor concedes that the court had "properly admitted several other sales" to explain opinion evidence. Under the present record the complaint as to the instruction does not reflect reversible error.

■ Appellant complains of argument to the jury concerning cost of new construction, as failing to account for depreciation. Appellees' counsel in argument quoted and referred to testimony of one of appellant's witnesses concerning replacement costs. Appellant objected that the witness had testified to "a new figure that had not been depreciated at all." Appellees' attorney replied, "No, he didn't testify to anything about depreciation. He said to reconstruct that building out there." This accurately recounted the testimony; and the argument, when considered in connection with the objection, is not reversible error.

We have fully considered, and overrule appellant's contention that the verdict is excessive.

Affirmed.