**TEXAS WORKERS' COMPENSATION INSURANCE FUND, Petitioner,**

v.

**Mike MANDLBAUER, Respondent.**

No. 98–0509.

Supreme Court of Texas.

April 1, 1999.

---

Jeffrey R. Boggess, Michael James Donovan, Austin, for Petitioner.

Mike Jacobellis, Beaumont, for Respondent.

PER CURIAM.

The issue in this case is whether a plaintiff may complain on appeal when a trial court fails to submit a "sole cause" inferential rebuttal jury instruction if that failure could have harmed only an opponent. We conclude that a plaintiff may not do so.

The plaintiff in this case, Mike Mandlbauer, was working for Apache Products on September 18, 1992, when a forklift accident caused him injuries that were covered by the Texas Workers' Compensation Insurance Fund ("the Fund"). The treating doctor diagnosed Mandlbauer with a foot contusion and back strain and released him for light-duty work and orthopedic treatment. A magnetic resonance imaging ("MRI") screen performed on November 16, 1992 revealed no bulging or herniated disc in Mandlbauer's back. On February 10, 1993, Mandlbauer's employment with Apache ended. In the Summer of 1993, he held a job with Golden Triangle Mobile Homes that required some light-duty work.

In late 1993, Mandlbauer sought further medical treatment. A physician performed a myelogram that revealed Mandlbauer had a herniated disc; this was inconsistent with the earlier MRI that revealed no disc abnormality. The Fund disputed Mandlbauer's requests for further medical treatment and disability. In separate hearings, a contested case hearing officer and a Texas Workers' Compensation Commission Appeals Panel both agreed with the Fund, finding that Mandlbauer's "current symptoms" did not result from the September 1992 compensable injury.

Mandlbauer challenged these findings in district court. The trial court submitted the following questions to the jury:

### QUESTION 1:

Are the symptoms of which Mike Mandlbauer currently complains the result of his compensable injury of September 18, 1992?

### QUESTION 2:

Did Mike Mandlbauer experience disability after February 10, 1993, as a result of compensable injury of September 18, 1992?

The jury answered "no" to both questions. On appeal, Mandlbauer complained that the trial court had refused his requested instructions defining "producing cause" and clarifying that "[t]here can be more than one producing cause" of symptoms and disability. Mandlbauer had also requested, and the trial court refused, the following instruction, which tracks the pattern jury charge instruction for the "sole cause" inferential rebuttal instruction:

There may be more than one producing cause of incapacity, but there can be only

one sole cause of incapacity. If Mike Mandlbauer's incapacity was solely caused by some incident or event after February 10, 1993, independent of and not aggravated by his injury of September 19, 1992, then his injury of September 19, 1992, cannot be a producing cause of any incapacity.[1]

*See* 2 COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 24.02 (2d ed.1989).

Although Mandlbauer challenged several aspects of the trial court's jury charge and instructions, the court of appeals reversed and remanded only because the "trial court erred by not submitting an instruction on sole cause in the jury charge." 990 S.W.2d 290, 291. The Fund challenges the court of appeals' holding, asserting that Mandlbauer lacked standing to complain about the trial court's failure to submit an instruction on the sole cause defense. We agree that this complaint was not Mandlbauer's to raise.

Texas courts have long held that appealing parties may not complain of errors that do not injuriously affect them or that merely affect the rights of others. *See Buckholts Indep. Sch. Dist. v. Glaser,* 632 S.W.2d 146, 150 (Tex.1982); *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87, 92 (Tex.1973); *Shell Petroleum Corp. v. Grays,* 131 Tex. 515, 114 S.W.2d 869, 870 (1938). Because an inferential rebuttal is a defensive theory, in most cases a failure to submit an inferential rebuttal instruction could injure only the defendant. *See, e.g., Select Ins. Co. v. Boucher,* 561 S.W.2d 474, 477 (Tex.1978) ("The basic characteristic of an inferential rebuttal is that it presents a contrary or inconsistent theory from the claim relied upon for recovery."); *Southwest Airlines Co. v. Jaeger,* 867 S.W.2d 824, 832 (Tex.App.—El Paso 1993, writ denied) ("An inferential rebuttal is a defensive theory that seeks to disprove a claim or theory relied upon for recovery ...."); 2 COMM. ON PATTERN JURY

CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 24.02 cmt. (2d ed. 1989) ("[I]f sole cause is raised by the evidence, the *defendant* is entitled to a sole-cause instruction ....") (emphasis added); *see also* Minton, Comment, *Sole Proximate Cause,* 6 BAYLOR L.REV. 462, 462 (1954) ("An effective defense *available to the defendant* in a tort action is the special issue of sole proximate cause.") (emphasis added).

Nevertheless, Mandlbauer argues that both parties have an interest in submitting a proper instruction when the evidence supports it. Mandlbauer relies on two cases to support this assertion: *Cook v. Caterpillar, Inc.,* 849 S.W.2d 434, 440 (Tex.App.—Amarillo 1993, writ denied) ("If the evidence raises the issue of new and independent cause, it is reversible error not to define and include the term in the definition of proximate (and producing) cause."), and *Ahlschlager v. Remington Arms Co.,* 750 S.W.2d 832, 835 (Tex. App.—Houston [14 th Dist.] 1988, writ denied) ("[I]t is well settled that each party is entitled to an affirmative submission of all of his theories which have support in the evidence."). In both of these cases, however, the *defendant,* not the plaintiff, asked for the inferential rebuttal instruction. *See Cook,* 849 S.W.2d at 440–41; *Ahlschlager,* 750 S.W.2d at 835 ("The *defendant* has no less right than the plaintiff to have the jury properly instructed on *his* theories.") (emphasis added). Neither case held that a *plaintiff's* interests were injured by the court's failure to submit a sole cause instruction.[2]

Mandlbauer also argues that he had a specific interest in the sole cause instruction because he would have benefitted from the first clause of the instruction: "There may be more than one producing cause of incapacity." The court of appeals' holding, however, was not based on a refusal to instruct on *producing* cause; in fact the court of appeals never addressed that issue.

---

1. This requested instruction mistakenly refers to an injury on September 19, 1992; the injury actually occurred on September 18, 1992.

2. The court of appeals in *Ahlschlager* did recognize that a plaintiff in a defensive posture on the issue of contributory negligence might be able to

complain about a court's failure to instruct on sole cause. *Ahlschlager,* 750 S.W.2d at 834. Such an argument would not apply in this case, however, because any negligence on Mandlbauer's part was not—and could not have been—at issue.

The court of appeals reversed solely because the trial court failed to instruct on *sole* cause. Because we hold that Mandlbauer could not raise this complaint, we conclude that the court of appeals erred. Accordingly, under Texas Rule of Appellate Procedure 59.1, and without hearing oral argument, we reverse the court of appeals' judgment and remand the case to the court of appeals for consideration of Mandlbauer's remaining issues.