ACCEPTED
03-13-00196-CV
5364994
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/20/2015 4:01:48 PM
JEFFREY D. KYLE
CLERK

DOCKET NO. 03-13-00196-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/20/2015 4:01:48 PM
JEFFREY D. KYLE
Clerk

MICHELLE BUBNIS,
Appellant,

v.

LEANDER INDEPENDENT SCHOOL DISTRICT,
Appellee.

On Review from
The 126th Judicial District Court of
Travis County, Texas
Cause No. D-1-GV-09-001868

## APPELLEE'S RESPONSE TO APPELLANT'S
## MOTION FOR REHEARING

Michael J. Donovan
State Bar No. 05991050
Burns, Anderson, Jury & Brenner, L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322
(512) 338-5363 - facsimile

Counsel for Leander Independent School
District

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Leander ISD, Appellee and Plaintiff below, respectfully submits this Response to Appellant's Motion for Rehearing and asks the Court of Appeals to deny Appellant's Request. The trial court did not change or limit the wording of the issue presented to the jury in any form from the issue that was presented at the Texas Department of Insurance, Division of Workers' Compensation level. Therefore, there is no merit to Appellant's argument the issue was changed or limited in any manner.

## I.

Because the Appellant refers to the record while making some assertions, Appellee feels it might be best served to remind this court of some of the more relevant evidence that was presented to the jury in this case.

Michelle Bubnis did suffer from some anxiety/depression symptoms for a period covering September 2003 until August 2005, according to the medical reports admitted.[1] A year and half later Ms. Bubnis' depressive symptoms returned and she was treated in February 2007, for these symptoms as well as new

---

[1] 5 CR 31, 48, 49, and 38.

1

symptoms resulting from electro-magnetic sensitivity.[2] The incident involving the opening of a new television from its package occurred around December 2006.[3]

Leander ISD did not contest to the initial treatment for anxiety and depression after the May 23, 2003 incident, but its workers' compensation file was closed later that same year due to inactivity.[4] But after being confronted with bills presented to them by Mr. Bubnis' husband, for the first time, in September 2007 for past treatment since 2004, and a demand for current treatment to be picked up by the school district, the district subsequently denied this additional treatment as being related to her compensable injury of May 22, 2003.[5] The school district subsequently had a peer review performed by a toxicologist, Dr. Thomas Kurt, in October 2008. Dr. Kurt confirmed Ms. Bubnis may be in need of Zoloft due to her anxiety/depression complaints, but because these symptoms were due to her present diagnosis of electro-magnetic sensitivity, which Dr. Kurt found "scientifically unsubstantiable" in the medical literature he reviewed, he did not see these as related to her compensable injury.[6] Ms. Bubnis was subsequently examined by a toxicologist, Dr. Patricia Rosen, following a response to a letter of clarification that was sent by the Division of Workers' Compensation to the

[2] RR 44.
[3] RR 107.
[4] 3 RR 107, 110, 111.
[5] 5 RR 10 and 11.
[6] RR 121.

2

designated doctor, Dr. Velazquez, in January 2009.[7] Ms. Bubnis never presented

for the examination of Dr. Rosen, so the toxicologist had to write her report based

on record reviews alone.[8] Dr. Velazquez agreed with Dr. Rosen's conclusions, and

in his amended report stated Mr. Bubnis' anxiety and depression, and her isolated

lifestyle, were the result of the toxic encephalopathy diagnosis, and not her 2003

injury.[9]

## II.

## ARGUMENT & AUTHORITIES

At the Contested Case Hearing held at the Division of Workers'

Compensation in May 2009 the issue presented was worded as *"Does* the

compensable injury of May 22, 2003 extend to include toxic encephalopathy,

anxiety and depression?" The only change made in this issue when it was

presented to the jury in November 2012 was that it was put in the negative form

due to the school district having the burden of proof at that time, so the issue was

worded, *"Does* the compensable injury not extend to include anxiety and/or

depression?"[10] Ms. Bubnis made no objection to the wording of the issue at the

administrative trial at the Division of Worker's Compensation nor did she object to

the wording of the jury submission regarding its use of the present tense "does" as

---

[7] RR 110.
[8] RR 113.
[9] RR 75, 79, 83.
[10] RR 247, 248.

compared to any alternate wording that could have been submitted by Mr. Bubnis, such as "at any time after May 23, 2013" or "did the compensable injury ever extend to include anxiety and depression"?

The school district has never attempted to limit the issue differently, or as a sub-argument, than the issue that was first presented at the Commission level. Rather, its position has always been the dispute in this case is not whether the symptoms the claimant suffered in September 2003 to August 2005 and the treatment received during that time period were related to her 2003 injury, but instead whether there was any casual connection between her complaint/symptoms and treatment rendered from February 2007 *onward.* There is no dispute the complaints she had in early 2007, which were accompanied by a diagnosis of toxic encephalopathy and chemical insensitivity, were the same symptoms and diagnosis she was dealing with during the time the administrative trial was held in May 2009 as well as when the jury heard the evidence in November 2012. The school district has always felt the claimant would not be able to provide sufficient, credible evidence to show any causal connection between her medical condition from 2007 onward and the initial injury that occurred in May 2003.

Contrary to Appellant's assertions, the school district never relied on any "sole cause" defense, or alleged that any intervening incident was the sole cause of her subsequent condition. The school district's thought process was it is just as

4

irrational to believe that an opening up of cabinet in the middle school chemistry classroom could result in such severe symptoms as it is to think such a medical condition may be brought on by opening up a newly delivered television set from its package. Instead, the school district decided the evidence was stronger the real cause of the claimant's subsequent problems was her diagnosis of toxic encephalopathy which had arisen somewhere between late 2006 and 2007, for reasons unknown. The only agreed fact regarding this diagnosis between the parties was that it was *not* considered part of her compensable injury, as evidenced by Ms. Bubnis never making this diagnosis part of her judicial review lawsuit. This fact was told to the jury. The jury therefore had the right to make the reasonable inference, as succinctly put by this court, that whatever initial anxiety and depression Ms. Bubnis suffered as a result of the 2003 compensable injury had resolved, either from treatment or on its own, and that she had developed a new bout of anxiety and depression which was not connected in any way to her workers' compensation injury.

Despite the efforts of Ms. Bubnis, she can not require an insurance carrier to plead an inferential rebuttal of sole cause and try to meet the sole cause burden; instead a carrier can rely on an injured worker to have to continually meet his or her burden to prove a causation connection between the injury and the subsequent medical treatment or physical incapacities. The Supreme Court answered this very

5

question in the case of *Texas Workers' Compensation Ins. Fund v. Mandlebauer*, 988 S.W.2d 750 (Tex. 1999). In that case the insurance carrier asserted the injured worker lacked standing to complain about the trial court's failure to submit any instruction on the sole cause defense, and the court held "we agreed this complaint was not Mandlebauer's to raise." Nowhere in the court record or anywhere in the school district's pleadings or brief from *either* party, is the term "sole cause" raised, and therefore it is an improper for the injured worker to attempt to raise this theory for the *first* time on appeal, in attempt to assert the school district has not meet its burden of proof on the issues presented to the jury.

## PRAYER

Appellee respectfully prays that this Court deny Appellant's Motion for Rehearing.

Respectfully submitted,

BURNS ANDERSON JURY & BRENNER, L.L.P.
P.O. Box 26300
Austin, Texas 78755-6300
(512) 338-5322
(512) 338-5363 (Facsimile)


/s/ Michael J. Donovan
Michael J. Donovan
State Bar No. 05991050
mdonovan@bajb.com

Attorneys for Leander Independent School District

6

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served on the counsel of record by eservice and email on this 20ᵀᴴ day of May, 2015.

Bradley McClellan
Law Offices of Richard Pena, PC
1701 Directors Blvd. #110
Austin, TX 78744

/s/ Michael J. Donovan
Michael J. Donovan

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies the foregoing document is in compliance with Texas Rule of Appellate Procedure 9.4 and consists of 1,498 words. This document was generated using Word 2010.

/s/Michael J. Donovan
Michael J. Donovan