

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00019-CV

_____

IN THE INTEREST OF E.N.J., A CHILD

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 79,578

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

After a lengthy bench trial in Hunt County, Edward[1] lost his parental rights to E.N.J.[2]  On appeal, Edward only challenges the failure of the trial court to strike K.F.B.'s petition in intervention.  We affirm the judgment of the trial court because we find Edward does not have standing to bring this issue.

On July 4, 2013, four days after E.N.J. was born, the Texas Department of Family and Protective Services (the Department) took possession of him pursuant to Section 262.104 of the Texas Family Code.[3]  That same day, the Department placed him in the possession and care of K.F.B.  E.N.J. remained in K.F.B.'s care and possession through the trial of this case.  However, on May 9, 2014, the trial court entered an order placing E.N.J. in the home of Z.W., Angie's great aunt.  On May 27, 2014, K.F.B. filed her petition in intervention, seeking, *inter alia*, to have possession of E.N.J. returned to her and to be named temporary and permanent managing conservator of E.N.J.  Both Edward and Angie filed motions to strike K.F.B's petition in intervention.  On August 11, 2014, Z.W. also filed a petition in intervention seeking to be named temporary and permanent managing conservator of E.N.J.  After a hearing, the trial court, on September 25, 2014, denied Edward's and Angie's motions to strike K.F.B.'s petition in intervention.  On February 5, 2015, after hearing eleven days of testimony, the trial court entered

---

[1]We will refer to appellant as "Edward," the child as "E.N.J.," E.N.J.'s mother as "Angie," E.N.J.'s foster parent as "K.F.B.," and Angie's great aunt, with whom E.N.J. was placed for a period of time, as "Z.W." in accordance with Rule 9.8 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.8.

[2]The trial court also terminated the parental rights of Angie, who has not appealed.

[3]Section 262.104 allows the Department, under certain circumstances, to take emergency possession of a child without a court order.  TEX. FAM. CODE ANN. § 262.104 (West 2014).

its orders terminating the parental rights of Edward and Angie and naming K.F.B. as managing conservator of E.N.J.

Neither Edward nor Angie appealed the judgment terminating their parental rights, and Z.W. did not appeal the order naming K.F.B. managing conservator. Edward's sole point of error on appeal is that the trial court erred in denying his motion to strike K.F.B.'s petition in intervention. Edward argues that the trial court's order is deficient since it lacks an affirmative finding that the intervenor had substantial contact with the child at the time she filed the petition. This resulted, he says, in the child being placed with K.F.B. instead of Z.W. In response, K.F.B. argues that there is sufficient evidence to support an implied finding of substantial contact and that the trial court is not required to make an affirmative finding of substantial contact in its order. The Department argues initially that Edward lacks standing to bring this complaint since it does not injuriously affect him. We agree with the Department.

The principle that "[a]n appealing party 'may not complain of errors which do not injuriously affect him or which merely affect the rights of others'" is well established in Texas. *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150 (Tex. 1982) (quoting *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973)); *see Tex. Workers' Compensation Ins. Fund v. Mandlbauer*, 988 S.W.2d 750, 752 (Tex. 1999). We recently applied this rule in a context very similar to that of this case. *See In re R.T.M.*, No. 06-14-00063-CV, 2014 WL 6977778, at *4 (Tex. App.—Texarkana Dec. 4, 2014, no pet.).[4] In *R.T.M.*, a mother and father whose parental

---

[4]This rule, which concerns standing, has also been applied in parental-rights termination cases by our sister courts of appeals. *See In re H.R.S.*, No. 04-15-00051-CV, 2015 WL 3615869, at *1 (Tex. App.—San Antonio June 10, 2015, no pet. h.) (mem. op.) (father whose rights were terminated lacked standing to complain of Department, rather than his mother, being named managing conservator when error, if any, did not harm him); *In re A.Y.*, No. 10-13-00209-

rights had been terminated complained of the trial court appointing the Department as managing conservator of their children, rather than appointing A.H., a relative of the mother who had intervened in the case. *Id.* We held that the trial court's ruling would injuriously affect only A.H., the intervenor, who could have complained on appeal because she was not named managing conservator. However, A.H. did not appeal. *Id.* Since the trial court's ruling did not injuriously affect the parents, we held that they lacked standing to assert the issue on appeal. *Id.*

In this case, Edward complains that the trial court's denial of his motion to strike K.F.B.'s petition in intervention resulted in the trial court appointing K.F.B., rather than Z.W., managing conservator. As in *R.T.M.*, Z.W. had intervened in the suit seeking to be named managing conservator. Even assuming, without deciding, that the trial court's denial of Edward's motion to strike led to the appointment of K.F.B. as managing conservator, only Z.W. was injuriously affected by this ruling for purposes of standing. Consequently, we find that Edward does not have standing to raise this issue, and we overrule his sole point of error.

---

CV, 2013 WL 6628962, at *7 (Tex. App.—Waco Dec. 12, 2013, no pet.) (mem. op.) (mother whose rights were terminated lacked standing to complain of denial of maternal grandfather's petition in intervention); *In re S.M.M. v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00585-CV, 2013 WL 812088, at *3 n.5 (Tex. App.—Austin Feb. 26, 2013, no pet.) (mem. op.) (mother whose parental rights were terminated lacked standing to complain of failure to appoint counsel for allegedly indigent father); *In re G.F.*, No. 09-11-00316-CV, 2012 WL 112549, at *1 (Tex. App.—Beaumont Jan. 12, 2012, no pet.) (mem. op.) (mother whose rights were terminated lacked standing to complain on behalf of child for alleged ineffective assistance of counsel of attorney ad litem); *In re D.C.*, 128 S.W.3d 707, 713 (Tex. App.—Fort Worth 2004, no pet.) (mother whose rights were terminated lacked standing to challenge termination of parental rights of alleged biological father).

We affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:     August 12, 2015
Date Decided:       August 13, 2015