# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00639-CV

---

### C.R. Devine, Frances Louise Devine, and C.R. Devine, Inc., Appellants

### v.

### Doh Oil Company, Appellee

---

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2012V-026, THE HONORABLE DWIGHT E. PESCHEL, JUDGE PRESIDING

---

## MEMORANDUM OPINION

The Devines petition this Court for permission to appeal from an interlocutory summary judgment order denying the third motion for summary judgment filed by the plaintiff Doh Oil Company. We have discretion to permit an interlocutory appeal from an order "involv[ing] a controlling question of law as to which there is a substantial ground for difference of opinion" when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *see Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730–33 (Tex. 2019). A petitioner bears the burden to "argue clearly and concisely" in its petition why the order to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation." Tex. R. App. P. 28.3(e)(4). For the following reasons, we deny the petition.

In the trial court, the Devines filed a motion for summary judgment and Doh filed three motions for summary judgment. Between 2015 and 2017, the trial court denied the Devines' motion, denied Doh's first motion, granted partial summary judgment on Doh's second motion, and denied Doh's third motion. In 2019, the trial court signed an Amended Order on Plaintiff's Third Motion for Summary Judgment that certified under section 51.014(d) the following two questions for interlocutory appeal: (1) "Whether the grantors in the three Sheriff's sales owned any interest in those properties at the time of the sales" and (2) "Whether the statute of limitations applies to the Devine Defendants in challenging the deeds in question, specifically whether they were on notice of a deficiency in their title due to the actions of the tax appraiser."

However, the Devines have not explained how they were injured by the trial court's amended order *denying* Doh's third motion for summary judgment. *See Texas Workers' Comp. Ins. Fund v. Mandlbauer*, 988 S.W.2d 750, 752 (Tex. 1999) ("Texas courts have long held that appealing parties may not complain of errors that do not injuriously affect them or that merely affect the rights of others."). Instead, the Devines appear to be shoehorning into their petition a challenge to the trial court's "previous orders" referenced in the amended order, presumably the orders denying the Devines' motion and granting partial summary judgment on Doh's second motion. But "[p]ermission [to appeal] must be stated in the order to be appealed," not in a subsequent order. Tex. R. Civ. P. 168.

Additionally, the Devines have not "clearly and concisely" argued in their petition how the two certified questions involve "controlling question[s] of law," rather than questions of fact.[1] *See* Tex. R. App. P. 28.3(e)(4). And even if the Devines had explained how the certified

---

[1] For example, the Devines describe the statute of limitations question as "relat[ing] to the facts surrounding the notice of the tax sale and whether [the Devines] had any notice."

2

questions involved controlling questions of law, the Devines do not explain how there is a substantial ground for disagreement as to those questions of law. *See Gulf Coast Asphalt Co., L.L.C. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Substantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling circuit law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and when there simply is little authority upon which the district court can rely." (quoting Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 St. Mary's L.J. 729, 747–49 (1998))).

We therefore deny the Devines' petition for permissive interlocutory appeal.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Filed:  March 11, 2020

3