Maurice H. FLEISHMAN et al., Petitioners,

v.

Virginia GUADIANO et vir., Respondents.

No. C–1569.

Supreme Court of Texas.

June 8, 1983.

Groce, Locke & Hebdon, Edward P. Fahey, Thomas H. Crofts and Ann C. Livingston, Joe Meador, San Antonio, for petitioners.

Hardberger & Herrera, Frank Herrera, Jr., L. Wayne Scott, Martha Warren Warner, San Antonio, for respondents.

POPE, Chief Justice.

The only question we address in this appeal is whether the trial court erred in refusing to accompany an issue that inquired about a defendant's defective design of a ladder with an instruction that the plaintiff's negligence should not be considered. The majority of the court of appeals reversed the judgment of the trial court, holding that the omission of the requested instruction was reversible error. 636 S.W.2d 785 (Tex.App.1982). We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

■ Virginia Guadiano suffered a back injury when her foot slipped from the rung of a ladder as she was climbing to the roof of a building for the purpose of inspecting storm damage to the roof. She alleged two alternative actions against Maurice H. Fleishman, the architect who designed the

building and the ladder: a products liability action for his defective design of the ladder and an independent action for his negligent design of the ladder. The alternative pleading of actions asserting liability for product defects and negligent conduct is a customary and proper method of trial pleading. *Signal Oil & Gas Co. v. Universal Oil Products*, 572 S.W.2d 320 (Tex.1978).

The trial court first submitted to the jury a correct issue on plaintiff Guadiano's action for defective design. The court accompanied the issue with the simple instruction that this court approved in *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979). The opinion of the court of appeals quotes the issue and instruction. The second special issue submitted by the trial court inquired about producing cause. The trial court submitted a *Muckelroy* negligence issue as the third question. *See Members Mutual Insurance Co. v. Muckelroy*, 523 S.W.2d 77 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). The issues, as submitted, both as to design defect and negligence followed the usual and approved forms. 3 State Bar of Texas, *Texas Pattern Jury Charges* PJC 71.02, 71.02A (1982); *see* Pope & Lowerre, *The State of the Special Verdict—1979*, 11 St. Mary's L.J. 1 (1979).

The jury refused to find that defendant Fleishman either defectively or negligently designed the ladder. The trial court rendered a take nothing judgment. Plaintiff Guadiano appealed, and the court of appeals sustained her contention that the trial court erred in its submission of the charge to the jury. The court of appeals held that the trial court should not have refused to submit the following instruction with special issue one, which asked about Fleishman's defective design:

> You are further instructed that in answering this issue you shall not consider any evidence of negligence on the part of Virginia Guadiano, if any, in climbing the ladder in question on the occasion in question.

There is no precedent in the vast body of Texas judicial precedents for such an instruction in connection with an inquiry about products liability. The court properly submitted the broad issue which asked if the defendant, Fleishman, defectively designed the ladder and then defined "defective design," as this court has previously said the term should be defined. The court's issue about products liability was framed in terms that precisely and accurately stated the question the jury was called upon to answer. G. Hodges, *Special Issue Submission In Texas* 34 (1959). The requested instruction would have deflected the jury's attention to plaintiff Guadiano's contributory negligence, when it was considering whether the ladder was defectively designed.

Instructions in connection with the proper issues about negligence and products liability have been rather fully developed. They have been collected for the benefit of the bench and bar in the *Texas Pattern Jury Charges*. The trial judge in this instance kept his eye upon the relevant inquiry. This court struggled with the nature of instructions in defective design cases in *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979). The trial court in this case adhered to our approved instruction as stated in *Turner*. The instruction requested by plaintiff Guadiano in this instance and denied by the trial court was unnecessary, confusing, and failed to satisfy the requirement of Rule 277 of the Texas Rules of Civil Procedure that instructions shall "enable the jury to render a verdict ...."

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.