**Opinion issued June 28, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-09-00659-CV

———————————

## LINDA A. HAZELIP, Appellant

## V.

## AMERICAN CASUALTY COMPANY OF READING, PA, Appellee

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-20003**

---

## MEMORANDUM OPINION ON REHEARING

We originally issued our memorandum opinion in this appeal on March 15,

2012. Appellant, Linda A. Hazelip, has filed a motion for rehearing. We deny the

motion for rehearing, vacate our earlier judgment, withdraw our previous opinion, and issue this opinion in its place.

Appellant, Linda A. Hazelip, brought suit against appellee, American Casualty Company of Reading, PA, after American Casualty determined that compensation for an injury sustained in the work place did not extend to certain conditions in her spine. The jury determined that the conditions were not compensable, and Hazelip appealed. In five issues, Hazelip argues the trial court erred by (1) allowing American Casualty to violate its own motion in limine; (2) excluding from the evidence a letter from one of Hazelip's doctors; and (3) denying some of her proposed instructions for the jury charge.

We affirm.

## Background

On March 8, 2005, Hazelip was working as a contractor for Kelly Services. That day she was working at the facilities of a company called UniCare. While there, some folders containing paper files fell on the back of her neck, causing her some injury. The extent of those injuries is the subject of dispute.

Hazelip alleged that the injuries extended to certain spinal conditions that were subsequently identified. American Casualty, Kelly Services' workers' compensation insurance carrier, alleged that compensable injury did not extend to those conditions.

Hazelip appealed American Casualty's assertion to the Texas Workers' Compensation Commission Appeals Panel of the Texas Department of Insurance, Division of Workers' Compensation. The appeals panel agreed with American Casualty, determining that the compensable injury did not extend to the relevant spinal conditions and that American Casualty did not waive the right to contest compensability.

Hazelip, acting pro se, sought judicial review of the appeals panel's decision, filing suit on March 31, 2007. Trial commenced on March 10, 2009. The jury also determined that the compensable injury did not extend to the relevant spinal conditions.

Hazelip now appeals the take-nothing judgment from the trial court.

## Motion in Limine

In her second issue, Hazelip argues the trial court erred by allowing American Casualty to violate its own motion in limine. American Casualty argues that this issue has not been preserved for appellate review. We agree.

Prior to trial, American Casualty asked the trial court to order all the parties to refrain from referring to certain matters without first seeking permission from the court. Hazelip complains about two of the matters for which the trial court granted American Casualty's request. The first prevented the parties from making "[a]ny statement which tends to inform the jury or jury panel of the effect of their

answers to questions or what any party must show in order to recover or must avoid in order to recover." The second prevented the parties from introducing "[a]ny documents or testimony in any form relating to extent of impairment that was not presented to" the Texas Department of Insurance, Division of Workers' Compensation.

Hazelip argues that American Casualty violated these two restrictions during a portion of its cross-examination of her. As American Casualty points out, however, Hazelip did not raise any objections at the time she answered the questions that she asserts violate the restrictions.

A trial court's ruling on a motion in limine is not a final ruling on the evidence and preserves no error for appellate review. *Ulogo v. Villanueva*, 177 S.W.3d 496, 500 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 116 (Tex. 1984)). "A motion in limine merely precludes reference to the subject of the motion without a party's first obtaining a ruling on the admissibility of those matters outside the presence of the jury." *Id.* at 500–01. In order to preserve error, the complaining party must make an objection at the time the evidence is offered. *Tex. Capital Sec., Inc. v. Sandefer*, 58 S.W.3d 760, 770 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see also Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex. 1963).

Hazelip did not object to the line of questioning that she asserts violates the motion in limine. Accordingly, any error has not been preserved for appeal. *Tex. Capital Sec.*, 58 S.W.3d at 770; *see also Hartford*, 369 S.W.2d at 335.

Hazelip asserts in her brief that she did try to raise an objection. She further asserts that the trial court did not allow her to complete her sentence and told her she must answer the question. She acknowledges, however, that this is not reflected in the record. The appellant bears the burden of bringing forward a sufficient record to show the trial court's error. *See Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (holding burden is on appellant to see that sufficient record is presented to show error requiring reversal).

Hazelip also asks this Court to modify or add "to the Rules and Statutes in the State of Texas to incorporate rules specific to the needs of self-represented litigants, especially for those in Workers Compensation Cases." This is not within our authority to do. *See* TEX. CONST. art. II, § 1 (conferring legislative authority on Texas Legislature), art. V, § 31 (conferring judicial rule-making authority on Supreme Court of Texas).

We overrule Hazelip's second issue.

**Excluding Evidence**

In her third issue, Hazelip argues the trial court erred by excluding from evidence a letter from one of her doctors.

## A.      Standard of Review

Evidentiary rulings are committed to the trial court's sound discretion. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). We review a trial court's decision to admit or exclude evidence for an abuse of that discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.*, 176 S.W.3d 307, 317 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Evidentiary rulings do not usually cause reversible error unless an appellant can demonstrate that the judgment turns on the particular evidence that was admitted or excluded. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995); *Benavides v. Cushman, Inc.*, 189 S.W.3d 875, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.). An error in the exclusion of evidence requires

reversal if the evidence is both controlling on a material issue and not cumulative. *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex. 1994).

## B.  Analysis

At trial, Hazelip sought to introduce certain records from her treating physician, Dr. Timothy McKinley, under the business records exception to the hearsay rule. *See* TEX. R. EVID. 803(6).  American Casualty objected to one of the documents, arguing it did not fit the definition of a business record and, accordingly, was hearsay.

The document in question was a letter from Dr. McKinley that was not addressed to anyone.  The letter asserted that Hazelip's work place injury caused two "disc bulge pathologies in areas of degeneration of her cervical spine."  It also noted that Hazelip "had abnormal finding[s] from an EMG at the C-6 level."  Hazelip asserted that the document was prepared for American Casualty's consideration in its peer review of the extent of her injury.

American Casualty argued that "letters written by doctors trying to address key issues in the case do not fall under the business record affidavits, they're not admissible because . . . they are hearsay."  It also argued that the letter deprived it of the right to cross-examination on the key issue.  The trial court agreed and excluded the letter from the record.

On appeal, Hazelip argues that the trial court had admitted other reports from other doctors as business records. She argues that, by extension, this letter also should have been admitted. Whether other similar documents were admitted into evidence is not the relevant inquiry, however. Our review concerns whether the trial court abused its discretion in excluding the evidence in question. *See In re J.P.B.*, 180 S.W.3d at 575.

A letter from a physician that, on its face, is an attempt to convey an opinion to an outside interested source does not satisfy the requirements to be admissible as a business record. *Freeman v. Am. Motorists Ins. Co.*, 53 S.W.3d 710, 715 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Tex. Employer's Ins. Ass'n v. Sauceda*, 636 S.W.2d 494, 499 (Tex. App.—San Antonio 1982, no writ). Hazelip acknowledges that the letter was drafted for American Casualty in an attempt to influence its determination of whether the spinal conditions at issue were compensable injuries. She also acknowledges that the letter contains opinions from her physician on whether the spinal conditions were compensable injuries. We hold that the trial court did not abuse its discretion in determining that the letter from Dr. McKinley was not admissible under the business records exception.

We overrule Hazelip's third issue.

## Jury Charge

In her first issue, Hazelip argues the trial court erred by refusing to allow an instruction on the compensability of an aggravation of a pre-existing condition. In her fourth and fifth issues, she argues that the trial court erred by refusing to allow instructions on what constitutes waiver of American Casualty's right to challenge compensability.

### A. Standard of Review

We review a challenge to the trial court's jury charge under an abuse of discretion standard. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *Moss v. Waste Mgmt. of Tex., Inc.*, 305 S.W.3d 76, 81 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The trial court has considerable discretion in deciding whether a proposed instruction is necessary and proper to submit to the jury. *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 451–52 (Tex. 1997); *see also Bryan v. Watumull*, 230 S.W.3d 503, 508 (Tex. App.—Dallas 2007, pet. denied) (holding trial court is afforded more discretion when submitting instructions than when submitting questions).

If we determine that the jury charge was erroneous, we must then consider whether the error requires reversal. *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 225 (Tex. 2010). Generally, charge error requires reversal of a judgment only

where the error was harmful in the sense that it probably caused rendition of an improper verdict. *Id.*

## B. Compensable Injury

The first question submitted to the jury consisted of the following question and instructions:

> Did the compensable injury of March 8, 2005 extend to include disc bulges at C5-6 and C6-7, degenerative joint [disc] disease and spondylosis at C4-7?
>
> You are instructed that the decision of the Texas Workers' Compensation Commission Appeals Panel determined that the compensable injury of March 8, 2005 does not extend to include disc bulges at C5-6 and C6-7, degenerative joint [disc] disease, and spondylosis at C4-7.
>
> The term "compensable injury" means an injury or disease arising out of and in the course of employment for which compensation is payable.

Hazelip argues in her first issue that the trial court should have included an instruction on aggravation of a pre-existing condition in the jury charge. American Casualty objected on the grounds that Hazelip had not pleaded the issue and it had not been raised at trial. The trial court agreed.

"A trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent." *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 779 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see also* TEX. R. CIV. P. 301 (providing that the "judgment of the

court shall conform to the pleadings"); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979) (holding judgment must be based upon pleadings, and plaintiff may not obtain favorable judgment on unpleaded cause of action in absence of trial by consent).

Hazelip argues in her brief that American Casualty had notice of her claim of aggravation of a pre-existing injury. For proof, she attaches to her brief her response to American Casualty's requests for disclosure. This document is not a part of the record and, accordingly, cannot be considered on appeal. *See Sowell v. Kroger Co.*, 263 S.W.3d 36, 38 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that requests for disclosure filed as an appendix to appellate brief could not be considered because they were not made part of the record); *Till v. Thomas*, 10 S.W.3d 730, 733–34 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding "[w]e cannot consider documents attached to an appellate brief that do not appear in the record."). Without any evidence in the record that American Casualty had notice that Hazelip was seeking to use aggravation of a pre-existing injury as a basis for recovery, we must affirm the trial court's ruling.

Hazelip also argues in her first issue that the following instruction should also have been included in the jury charge: "You are further instructed that the issue before this Court is not whether the compensable injury was a 'producing cause', but whether the injury 'extended to include' the above referenced."

"The court shall submit [to the jury] such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX. R. CIV. P. 277. "When a trial court refuses to submit a requested instruction, the question on appeal is whether the request was reasonably necessary to enable the jury to render a proper verdict." *Tex. Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex. 2000). An instruction is proper if it (1) assists the jury; (2) accurately states the law; and (3) finds support in the pleadings and the evidence. *Id.*

In *Flieshman*, the proposed instruction told jurors that, in considering a question on defective design, they "shall not consider any evidence of negligence on the part of [plaintiff], if any, in climbing the ladder in question on the occasion in question." *Fleishman v. Guadiano*, 651 S.W.2d 730, 731 (Tex. 1983). The Supreme Court of Texas noted that the jury had been properly given a broad form question on defective design and a definition of defective design. *Id.* The court held that the requested instruction was improper because it "would have deflected the jury's attention to [the plaintiff's] contributory negligence, when it was considering whether the ladder was defectively designed." *Id.*

The same is true here. The question already asked whether the compensable injury "extended to include" certain other conditions. An instruction not to consider whether the compensable injury was a producing cause would not have

assisted the jury and would have deflected the jury's attention from the relevant matter. We hold the trial court did not abuse its discretion in denying this request.

We overrule Hazelip's first issue.

## C. Factors for Waiver

The second question submitted to the jury consisted of the following question, instructions, and statutory provisions:

> Has the Defendant waived the right to contest compensability of the claimed injury by not timely contesting the injury in accordance with Texas Labor Code sections 409.021 and 409.022?
>
> You are instructed that the decision of the Texas Workers' Compensation Commission Appeals Panel determined that the Carrier did not waive the right to contest compensability of the claimed injury.
>
> Texas Labor Code section 409.021 states, in relevant part:
>
> > (c) If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability. The initiation of payments by an insurance carrier does not affect the right of the insurance carrier to continue to investigate or deny the compensability of an injury during the 60-day period.
>
> Texas Labor Code section 409.022 states, in relevant part:
>
> > (a) An insurance carrier's notice of refusal to pay benefits under Section 409.021 must specify the grounds for the refusal.

Hazelip argues in her fourth issue that the following instruction should also have been included in the jury charge:

You are further instructed that in order to determine if Defendant waived the right to contest compensability of the claimed injury, there are several factors to consider. 1) You must first determine on what date Defendant received written notice of Plaintiff's injury. Then, you must determine if Defendant filed TWCC PLN-11 (Notice of Disputed Issues and Refusal to Pay Benefits) within the sixty-day period that is established by the governing rules of the Texas Department of Insurance - Division of Workers Compensation.

2) If the TWCC PLN-11 is not properly worded. It stated "Per the Peer Review dated April 14, 2005, effects of the compensable injury, soft tissue injury to the cervical spine injury have resolved. The Degenerative Disc Disease and Spondylosis are not causally related to the WC injury. Based on this, it is the Carrier's position that any current medical condition alleged to be suffered by the employee is not related to the compensable injury." The jury must determine whether the disc bulges were specifically addressed in the disputed issues. If not specifically addressed, the Defendant waived the right to contest compensability of the disc bulges, which may or may not be pre-existing.

3) And, if the disc bulges and / or other conditions were pre-existing, the Jury must determine if the work-related accident aggravated and / or exacerbated the pre-existing conditions. If the answer is "Yes" to aggravation and / or exacerbation, then Defendant waived the right to contest compensability of the claimed injury.

If the answer of waiver to any of these three factors listed is "Yes", then Defendant waived the right to contest compensability of the claimed injury.

To obtain reversal on a jury instruction, the instruction must have been in substantially correct form. *Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 169 (Tex. 2002). A jury instruction is improper if it comments on the weight of the evidence or "nudge[s]" or "tilt[s]" the jury. *Wal–Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 724 (Tex. 2003); *see also Torres v. Caterpillar, Inc.*, 928 S.W.2d 233,

241 (Tex. App.—San Antonio 1996, writ denied). It can be error for a trial court to give the jury an instruction even when it is a substantially correct statement of the law. *Liberty Mut. Ins. Co. v. Camacho*, 228 S.W.3d 453, 460 (Tex. App.—Beaumont 2007, pet. denied).

Assuming without deciding that the proposed instruction is a substantially correct statement of the law, it is nevertheless an improper comment on the weight of the evidence. For example, the second paragraph asks the jury to determine if the TWCC PLN-11 was properly worded. It then quotes certain language of the letter, focusing the jury on that language specifically.

The proposed instruction also repeatedly informs the jury that answering "yes" to any of her proposed factors results in American Casualty's right to contest compensability. It is not necessary to emphasize this point multiple times, and repetition suggests to the jury what the answer should be. *See Johnson*, 106 S.W.3d at 724 (holding jury instruction is improper if it nudges or tilts the jury).

We hold that the proposed instruction contains multiple comments on the weight of the evidence. Accordingly, it was not in substantially correct form, and the trial court was within its discretion to exclude the proposed instruction.

We overrule Hazelip's fourth issue.

**D.      Legal Authority on Waiver**

Hazelip filed a document containing over five pages of summaries of the law she considered relevant to the issue of waiver and asking that they "be considered for inclusion in the jury charge." On appeal, she argues that the trial court erred in excluding certain portions of the summaries of the law. There is no indication in the record, however, that these requested portions were raised or ruled upon by the trial court during the charge conference.

To preserve error for exclusion of a jury instruction, the complaining party must present the written proposed instruction to the trial court and obtain a ruling. *Kennedy Ship & Repair, L.P. v. Pham*, 210 S.W.3d 11, 27 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Because there is no evidence that these proposed instructions were presented to or ruled upon by the trial court, this issue has not been preserved for appellate review.

We overrule Hazelip's fifth issue.

**Conclusion**

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.