**Opinion issued December 6, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00698-CV

———————————

## U.S. BANK, N.A., Appellant

## V.

## MITCHELL KOBERNICK AND ALLAN KLEIN, Appellees

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-17974**

---

**O P I N I O N**

Appellant, U.S. Bank, N.A., appeals the jury's determination of the fair

market value of certain real property on the date of its foreclosure. In three issues,

U.S. Bank argues that (1) appellees, Mitchell Kobernick and Allan Klein, could not

recover under the statutory grounds asserted and (2) the trial court abused its discretion by failing to include two instructions in the jury charge.[1]

We affirm.

## Background

This suit arises from a default of a note secured by an interest in an apartment complex. Kobernick and Klein were guarantors on the note. After the note was determined to be in default, U.S. Bank and other entities brought suit against Kobernick, Klein, and others to obtain a judgment on the note. That suit was removed to federal court.[2]

The federal trial court ultimately determined by summary judgment that Kobernick and Klein were liable under the note and subsequently determined the damages to be assessed against them. After those determinations but before final judgment was rendered, U.S. Bank foreclosed upon the apartment complex. The property was sold for $500,000 at the foreclosure sale.

---

[1] Mitchell Kobernick and Allan Klein filed a cross-appeal asserting the trial court erred by refusing their jury instruction to include the value of certain ancillary property in the jury's consideration. Kobernick and Klein have moved this Court to dismiss their cross-appeal. U.S. Bank is unopposed to this motion. Accordingly, we grant the motion to dismiss and do not consider the merits of this claim on appeal.

[2] For a more detailed account of the facts underlying that case, *see Wells Fargo Bank Minnesota, N.A. v. Kobernick*, No. 8-cv-1458, 2008 WL 7808949, *1–4 (S.D. Tex. May 28, 2009).

2

Kobernick and Klein then brought the underlying action in state court, seeking a determination of the fair market value of the property. While that suit was pending, the federal court rendered final judgment, which included an offset in the damages assessed against Kobernick and Klein for the amount received from the foreclosure sale. Kobernick and Klein subsequently filed a motion to modify the federal judgment "to reflect the possibility that [they] will obtain from the state court a ruling that they should be credited with an offset against the debt owed" to U.S. Bank. The federal court denied the motion, reasoning, "Although this court proffers no prediction as to the outcome of the state court proceeding, if the state court does find that the property was of greater value than $500,000, then the offset can be applied against the debt reflected in this court's judgment."

During the trial in the state court action, U.S. Bank moved for a directed verdict on the grounds that Kobernick and Klein could not recover under the statutory grounds asserted and that any determination of the fair market value of the property should have been brought in the federal action. The trial court denied the motion for a directed verdict.

During the charge conference in the state action, U.S. Bank argued that the statute that Kobernick and Klein sought to recover under required an instruction to the jury on what evidence the jury could consider in determining fair market value. It also sought an instruction that the jury could only consider the value of the real

property and not any other property in determining fair market value. The trial court denied both requests.

The jury ultimately determined that the fair market value of the property was $8,015,000. U.S. Bank subsequently filed a motion for judgment notwithstanding the verdict, again arguing that Kobernick and Klein could not recover under the statutory grounds asserted and that any determination of the fair market value of the property should have been brought in the federal action. The trial court denied the motion and rendered a judgment in favor of Kobernick and Klein, declaring they were entitled to an offset in the amount of $7,515,000—that is, the jury's verdict, less the amount of the foreclosure sale.

## Applicable Statute

In its first issue, U.S. Bank argues that the trial court erred by not rendering a verdict in its favor because Kobernick and Klein could not recover under the statute that formed the basis of their cause of action.

## A. Standard of Review & Applicable Law

U.S. Bank recognizes that this is an issue concerning statutory construction. Matters of statutory construction are questions of law, which this Court reviews de novo. *See McCollum v. Tex. Dep't of Licensing & Regulation*, 321 S.W.3d 58, 63 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent.

4

TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005); *see Harris Cnty. Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 97 (Tex. App—Houston [1st Dist.] 2003, pet. denied). To discern that intent, we must consider the plain language of the statute and may consider the legislative history and the consequences from alternative construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005); *see also Harris Cnty.*, 105 S.W.3d at 97. We further consider statutes as a whole rather than their isolated provisions. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Finally, we presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen. *Id*.

**B.    Analysis**

Kobernick and Klein brought the underlying action against U.S. Bank under section 51.005 of the Texas Property Code to obtain a credit on the bid price of the foreclosed property. *See* TEX. PROP. CODE ANN. § 51.005 (Vernon 2007). During trial and after, U.S. Bank moved for a judgment against Kobernick and Klein on the basis that they could not assert a claim under section 51.005 but, instead, were required to bring any complaint about the bid price on the property in the federal suit under section 51.003. *See* TEX. PROP. CODE ANN. § 51.003 (Vernon 2007). The trial court denied the motions.

5

Section 51.005 applies if

(1)    the holder of a debt obtains a court judgment against a guarantor of the debt;

(2)    real property subject to a deed of trust or other contract lien securing the guaranteed debt is sold at a foreclosure sale under Section 51.002 or under a court judgment foreclosing the lien and ordering the sale;

(3)    the price at which the real property is sold is less than the unpaid balance of the indebtedness secured by the real property, resulting in a deficiency; and

(4)    a motion or suit to determine the fair market value of the real property as of the date of the foreclosure sale has not been filed under Section 51.003 or 51.004.

*Id.* § 51.005(a).  It is undisputed that U.S. Bank obtained a judgment against Kobernick and Klein as guarantors of the debt, that the real property at issue was sold at a nonjudicial foreclosure sale, and that the sale price at the foreclosure was less than the unpaid balance of the note secured by the property.  Accordingly, the first three requirements to seek recovery under section 51.005 apply.  U.S. Bank argues that the fourth requirement does not apply because section 51.003 applied to the federal suit.

U.S. Bank obtained a judgment in the federal suit against Kobernick and Klein as guarantors on the note secured by the real property.  After the federal trial court had granted summary judgment determining that Kobernick and Klein were liable under the note but before a final judgment was rendered, U.S. Bank

6

foreclosed on the property. The final judgment against Kobernick and Klein included a credit for money received under the foreclosure sale of the property. U.S. Bank argues that, pursuant to section 51.003, Kobernick and Klein were required to challenge the fair market value of the property, if at all, when this credit was included in the federal judgment.

Section 51.003 governs actions "brought to recover the deficiency" after a foreclosure sale. TEX. PROP. CODE ANN. § 51.003(a). In such an action, "[a]ny person against whom such a recovery is sought by motion *may* request that the court in which the action is pending determine the fair market value of the real property . . . ." *Id.* § 51.003(b) (emphasis added). It is clear from the plain language of the statute that such a determination is elective. It is also undisputed that no party to the federal suit sought a determination of the fair market value of the property.

Nevertheless, U.S. Bank correctly points out that section 51.003 also provides, "If no party requests the determination of fair market value . . . the sale price at the foreclosure sale shall be used to compute the deficiency." TEX. PROP. CODE ANN. § 51.003(c). Arguably, then, this section applies to suits to recover on a deficiency judgment even when no party files a motion to determine the fair market value of the real property. We do not need to reach whether this argument is correct, however; nor do we need to determine whether the federal suit

7

constitutes a suit to recover on a deficiency judgment. Even accepting these arguments as true, the plain language of section 51.005 establishes that they do not have preclusive effect.

The requirement for the application of section 51.005 that is at issue here is the requirement that "a motion or suit to determine the fair market value of the real property as of the date of the foreclosure sale has not been filed under Section 51.003 or 51.004." TEX. PROP. CODE ANN. § 51.005(a)(4). This requirement does not prohibit bringing an action under section 51.005 when section 51.003 generally has applied to another suit. Instead, it only prohibits bringing an action under section 51.005 when a party in the other suit has filed "a motion or suit to determine the fair market value of the real property" under sections 51.003 or 51.004.[3] *Id.*

Regardless of whether the trial court's application of a credit for the foreclosure in the federal suit was applied under the authority of section 51.003, it is undisputed that neither Kobernick and Klein nor any other party to the federal suit filed a motion or suit to determine the fair market value of the real property. In fact, the trial court in the federal suit repeatedly emphasized in its orders that the fair market value of the real property *was not* an issue in that suit. Because no

---

[3] Section 51.004 of the Property Code concerns deficiencies following a judicial foreclosure. *See* TEX. PROP. CODE ANN. § 51.004 (Vernon 2007). It is undisputed that the foreclosure at issue was not a judicial foreclosure and that, accordingly, this section does not apply to the parties.

party in the federal suit filed such a motion or suit, any other application of section 51.003 to the federal suit is immaterial. Accordingly, we hold that Kobernick and Klein satisfied this requirement to bring suit under section 51.005.

U.S. Bank argues that the title of section 51.005—"Judicial or Nonjudicial Foreclosure After Judgment Against Guarantor–Deficiency"—indicates that it does not apply to this case. *See* TEX. GOV'T CODE ANN. §§ 311.023 (providing that, in construing statute, court may consider title of statute), .024 (providing that heading of statute does not limit or expand the meaning of a statute (Vernon 2005). U.S. Bank argues there was no judgment in the federal court at the time the state action was filed. This is incorrect. While there was not a *final* judgment in the federal case, the federal court had rendered a summary judgment that found, among other things, Kobernick and Klein liable for the amount owed on the note. Following the federal court's summary judgment, U.S. Bank foreclosed on the property. There was, then, a nonjudicial foreclosure after a judgment against the guarantors.

Similarly, the body of section 51.005 provides that it applies if "the holder of a debt obtains *a court judgment* against a guarantor of the debt." TEX. PROP. CODE ANN. § 51.005(a)(1) (emphasis added). The statute does not require a final judgment, as is required in other statutes. *See, e.g.*, TEX. PROP. CODE ANN. § 53.084 (Vernon 2007) (concerning owner's liability), § 53.157 (concerning discharge of lien), § 53.162 (concerning revival of removed lien); *see also Old Am.*

9

*Cnty. Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004) (holding courts presume that every word in a statute was included for a reason and every word not in a statute was excluded for a reason). Accordingly, nothing in the title or the body of the statute requires a final judgment before the section can apply.

U.S. Bank also argues that Kobernick and Klein could not maintain this suit because it is an impermissible "collateral attack on the deficiency judgment." "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005).

U.S. Bank provides no specific explanation of how the judgment in this case constitutes a collateral attack on the federal judgment. It argues that, if the federal judgment had not included a credit for the actual amount of the foreclosure sale, the present suit would not constitute a collateral attack. It reasons that, in such a circumstance, the later-determined fair market value "could be easily offset against the balance due and owing on the original judgment, much as would a payment." Accordingly, it asserts, "The valuation court's determination of market value would not be an attack on any part of the underlying judgment."

In contrast, U.S. Bank argues without support that, because the federal judgment included a credit for the amount of the foreclosure sale, the underlying

10

judgment does constitute a collateral attack. We fail to see any legal basis for this argument. Section 51.005 provides that if the fact finder determines that the fair market value of the property is greater than the amount received from the foreclosure, "the persons obligated on the indebtedness, including guarantors, are entitled to an offset against the deficiency." TEX. PROP. CODE ANN. § 51.005(c).

The federal court recognized the same thing in one of its orders. "Although this court proffers no prediction as to the outcome of the state court proceeding, if the state court does find that the property was of greater value than $500,000, then the offset can be applied against the debt reflected in this court's judgment." Similarly, the underlying judgment excluded the already-applied offset of the proceeds from the foreclosure sale and determined that Kobernick and Klein were entitled to an offset for the difference between the sale price at foreclosure and the fair market value.[4]

The statute and both the federal and state trial courts acknowledge that any recovery under section 51.005 constitute an offset from the federal judgment. Even U.S. Bank acknowledges that a judgment functioning as an offset for a prior judgment is proper, functioning much like a payment on the earlier judgment.

---

[4]     Even if the trial court had included the amount received from the foreclosure in the judgment, this would constitute a double recovery, not a collateral attack on the federal judgment.

11

Accordingly, we find no justification for the argument that the underlying judgment is a collateral attack on the federal judgment.

We overrule U.S. Bank's first issue.

## Jury Charge Instructions

In its second and third issues, U.S. Bank argues the trial court abused its discretion in denying its requests for instructions (1) on the statutory factors used to determine the fair market value under section 51.005 and (2) not to consider items of personal property covered by the foreclosure sale.

## A.    Standard of Review

We review a challenge to the trial court's jury charge under an abuse of discretion standard. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *Moss v. Waste Mgmt. of Tex., Inc.*, 305 S.W.3d 76, 81 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The trial court has considerable discretion in deciding whether a proposed instruction is necessary and proper to submit to the jury. *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 451–52 (Tex. 1997); *see also Bryan v. Watumull*, 230 S.W.3d 503, 508 (Tex. App.—Dallas 2007, pet. denied) (holding trial court is afforded more discretion when submitting instructions than when submitting questions).

If we determine that the jury charge was erroneous, we must then consider whether the error requires reversal. *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d

211, 225 (Tex. 2010). Generally, charge error requires reversal of a judgment only when the error was harmful in the sense that it probably caused rendition of an improper verdict. *Id.*

## B. Analysis

The charge at issue contained one question:

What was the Fair Market Value of the Real Property as of January 5, 2010?

"Fair Market Value" means the amount at which the Property would change hands between a willing buyer and a willing seller when the former is not under any compulsion to buy and the latter is not under any compulsion to sell, both parties having reasonable knowledge of the relevant facts.

"Real Property" means that apartment complex known as the Kensington Club Apartments, Phase I, a 9.9180 acre tract described as TR 1M-2, Abstract 24 W. Hardin, located at 14250 Kimberley Lane 181, Houston, Texas 77079.

U.S. Bank sought to include two instructions, both of which the trial court rejected. The first proposed instruction stated:

In answering the question you may consider:

(1) expert opinion testimony;

(2) comparable sales;

(3) anticipated marketing time and holding costs;

(4) costs of sale; and

(5) necessity and amount of any discount to be applied to the future sales price or the cash flow generated by the property to

arrive at a fair market value as of the date of the foreclosure sale.

As U.S. Bank argues, the factors identified in the proposed question come from section 51.005. *See* TEX. PROP. CODE ANN. § 51.005(b)(1)–(5). The specific language of the statute preceding the factors provides, "The fair market value [of the foreclosed property] shall be determined by the finder of fact after the introduction by the parties of competent evidence of the value. Competent evidence of value may include" the five identified factors. *Id.* § 51.005(b). As the trial court correctly identified, the statute focuses on introduction of evidence during the trial, not limitations of what the jury can consider in deliberations. Moreover, the factors are not exclusive. *Lairsen v. Slutzky*, 80 S.W.3d 121, 128 (Tex. App.—Austin 2002, pet. denied).

Assuming without deciding that this was a proper instruction to the jury, U.S. Bank has failed to identify any harm it suffered as a result. U.S. Bank asserts it was harmed because (1) while its expert specifically testified about "the proper application of the statutory factors," Kobernick and Klein's expert did not and (2) Kobernick and Klein's "theme, both during cross-examination of [U.S.] Bank's expert and during closing argument, was that [U.S.] Bank's expert's consideration of those statutory factors was improper and was motivated by his position as a retained expert being paid by [U.S.] Bank."

14

We fail to see how U.S. Bank suffered any harm from Kobernick and Klein's expert's alleged failure not to specifically testify about the factors identified in section 51.005. Section 51.005 provides that competent evidence of fair market value includes expert opinion testimony, which Kobernick and Klein provided. *See* TEX. PROP. CODE ANN. § 51.005(b)(1). We see no justification in requiring an expert to identify to the jury that his opinion testimony constitutes competent evidence or in requiring the expert to identify when he is basing his opinion on any of the remaining non-exclusive factors.

For its claim that Kobernick and Klein suggested that its expert's consideration of the statutory factors was improper, U.S. Bank provides no support for this argument. *See* TEX. R. APP. P. 38.1(i); *Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex. App.—Houston [1st Dist.] 1997, no writ) (holding "[a]n appellate court is under no duty to make an independent search of the record for evidence supporting an appellant's position"). The only portion of the record that U.S. Bank cites to support its argument is a portion of Kobernick and Klein's closing argument, suggesting that U.S. Bank's expert modified what he included and excluded in his underlying data to reach the desirable result. At best, this is an improper jury argument, which is generally cured by an objection and motion to disregard or a motion for new trial. *See Otis Elevator Co. v. Wood*, 436 S.W.2d 324, 333 (Tex. 1968); *Tex. Emp'rs Ins. Ass'n v. Puckett*, 822 S.W.2d

15

133, 135 (Tex. App.—Houston [1st Dist.] 1991, writ denied). It is not relevant to our inquiry of whether U.S. Bank was harmed by the trial court's refusal to submit a jury instruction.

We hold the trial court did not abuse its discretion in denying this proposed request. We overrule U.S. Bank's second issue.

U.S. Bank's other proposed instruction provided, "You are instructed to consider only the Real Property conveyed by the Substitute Trustee's Deed and Bill of Sale. Do not consider any Ancillary Property or Personal Property." U.S. Bank argues the "instruction was necessary because a pervasive theme during trial involved a Hurricane Ike insurance claim—part of the 'ancillary property' described in the" foreclosure sale deed. As Kobernick and Klein point out, however, the jury charge already instructed the jury to determine only the fair market value of the real property and did not instruct it to determine the value of any other property.

A jury charge instruction should not "tilt" the jury charge unfairly to one side or the other, be surplus or unnecessary, misfocus the jury, or distract from the relevant issues in the charge. *See Dresser Indus., Inc. v. Lee*, 880 S.W.2d 750, 757 (Tex. 1993). In *Flieshman*, the proposed instruction told jurors that, in considering a question on defective design, they "shall not consider any evidence of negligence on the part of [plaintiff], if any, in climbing the ladder in question on the occasion

16

in question." *Fleishman v. Guadiano*, 651 S.W.2d 730, 731 (Tex. 1983). The Supreme Court of Texas noted that the jury had been properly given a broad form question on defective design and a definition of defective design. *Id.* The court held that the requested instruction was improper because it "would have deflected the jury's attention to [the plaintiff's] contributory negligence, when it was considering whether the ladder was defectively designed." *Id.*

The same is true here. The jury charge asked the jury to determine the fair market value of was the real property. An instruction not to consider the ancillary property would not have assisted the jury and would have deflected the jury's attention from the relevant matter. We hold the trial court did not abuse its discretion in denying this request.

We overrule U.S. Bank's third issue.

## Conclusion

We grant Kobernick and Klein's motion to dismiss their cross-appeal. In addition, we affirm the judgment of the trial court.


                                      Laura Carter Higley
                                      Justice

Panel consists of Justices Jennings, Higley, and Sharp.